140

[602 NYS2d 480]

In the Matter of DAVID E. HAMPTON, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 1, 1993

**APPEARANCES OF COUNSEL**

*Gerard M. LaRusso,* Buffalo *(Vincent M. Scarsella* of counsel), for petitioner.

*Franklin T. Pratcher,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was duly admitted to the practice of law by order of this Court on September 12, 1977. He was suspended for a period of one year on June 8, 1990, for commingling clients' funds with his business and personal bank accounts. On July 12, 1991, respondent was reinstated pursuant to 22 NYCRR 1022.28.

On April 3, 1992, the Grievance Committee for the Eighth Judicial District filed a petition charging that respondent had violated the Disciplinary Rules of the Code of Professional Responsibility. Respondent submitted an answer that denied some of the material allegations of that petition. On June 5, 1992, this Court appointed a Referee to conduct a hearing and take proof upon the issues of fact raised in the answer.

Prior to commencement of the hearing, this Court entered an order dated September 17, 1992, pursuant to Judiciary Law § 90 (4) (f), suspending respondent from the practice of law based upon his plea of guilty on September 10, 1992, to the crime of petit larceny in violation of Penal Law § 155.25.

In his report, the Referee found that, during February 1988, respondent was retained as attorney to render legal services with reference to the administration of an estate. Respondent's client was appointed legal guardian for a minor child. The guardian received a check from the Metropolitan Life Insurance Company for $11,918.80 representing the minor's share as a beneficiary. That draft was given to respondent and was deposited by him into an account entitled "David E. Hampton, Attorney Escrow Account" at Norstar Bank. An analysis of that account from the date of deposit, June 24, 1988, through September 1, 1988, reveals that the account had a negative balance of $203.90 on August 30, 1988. Respondent's cancelled checks for that period establish that respondent issued checks for payment of personal and business expenses unrelated to his representation of the guardian. The Referee found that respondent was not given permission or authority to use any portion of the proceeds for his own use and benefit.

On May 21, 1991, respondent appeared at Erie County Surrogate's Court concerning the insurance draft proceeds. During that proceeding he stated that "the principal plus interest is in an interest-bearing account in * * * Brent, Alabama and will be transferred here within the aforemen-

tioned period of time." The proceeds were to be delivered by June 21, 1991. An extension was given until July 19, 1991. On that date, respondent again met with officials from the Surrogate's Court and stated that the funds had not been invested in a certificate of deposit but the guardian had used the funds to purchase property in Alabama and was experiencing difficulty in selling it. He indicated that he would obtain a loan so that payment would be made. On August 31, 1991, respondent informed the court that his loan had been denied. The Referee found that the statements made at Surrogate's Court were false and known by respondent to be false when made.

We confirm the Referee's findings of fact and conclude that respondent misappropriated and converted clients' funds entrusted to him; failed promptly to pay over to the client, as requested by the client, funds in his possession that the client was entitled to receive; engaged in conduct involving dishonesty, fraud, deceit and misrepresentation; and engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 9-102 (B) (22 NYCRR 1200.46 [b]), formerly DR 9-102 (A) (2); DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]), formerly DR 9-102 (B) (4); DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); and DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), formerly DR 1-102 (A) (6), of the Code of Professional Responsibility, effective January 1, 1970, as amended April 29, 1978 and September 1, 1990.

Respondent submitted testimony concerning his reputation as an attorney and his community involvement. There was also proof of personal problems in his life that caused him to go into a state of depression and to drink to excess.

Despite the matters offered in mitigation, we conclude that respondent should be disbarred.

PINE, J. P., BALIO, LAWTON, BOOMER and BOEHM, JJ., concur.

Order of disbarment entered.